[No. 6,864.—Department Two.]

CHARLES F. BROWN, EXECUTOR, ETC. *v.* CHARLOTTE WITTS.

ASSIGNMENT OF NON-NEGOTIABLE CONTRACT — MORTGAGE — CONSIDERATION. —A mortgage, unaccompanied by any negotiable evidence of indebtedness, was executed by the defendant to S., and by him assigned for value to plaintiff; the mortgage recited an indebtedness, but in fact there was none. *Held*, that an action could not be sustained by the plaintiff upon the mortgage.

APPEAL from a judgment, and order denying a new trial, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

*Charles H. Phelps*, for Appellant.

Defendant is estopped, *for the purpose of defeating the lien*, to show that there was no consideration. She cannot be permitted to say, for this purpose, that when she made, executed, and acknowledged the mortgage she had no consideration for so doing. (*Tartar* v. *Hall*, 3 Cal. 263; *Hendrick* v. *Crowley*, 31 id. 475.)

*W. H. Allen*, and *P. J. Mogan*, for Respondents.

As no indebtedness existed at the time of the assignment of the mortgage, the assignee acquired nothing by the assignment.

An assignee of even a fraudulent mortgage, with no debt behind it, cannot foreclose.

MYRICK, J.:

The defendant executed to one Sbarboro a mortgage, as recited therein, "to secure the payment of the sum of $2,500 indebtedness." The mortgage is dated August 15th, 1876. On the 16th of November, 1876, Sbarboro transferred the mortgage to one Mitchell, as security for the sum of $2,500 loaned to him by Mitchell. Mitchell has since died, and plaintiff is his executor. No note accompanied the mortgage. The Court below found that the mortgage, according to its terms, was due and payable August 16th, 1876, and that plaintiff's testator received it after maturity, and subject to all equities existing between the parties thereto; that there was no debt due said Sbarboro by defendant at the time of the giving of the mortgage; that there was no consideration for the mortgage, and that the same was not negotiable; that defendant had not been guilty of any fraud or negligence to plaintiff's detriment, and that plaintiff acquired nothing by the purchase of the mortgage, as against defendant. Thereupon the Court rendered judgment for the defendant.

The findings were sustained by the evidence; and we think that the conclusions of the Court upon the facts found were correct.

Judgment and order affirmed.

MORRISON, C. J., and SHARPSTEIN, J., concurred.